NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| T.H. and K.H. o/b/o minor child, A.H.<br><br>Plaintiffs/Counterdefendants,<br><br>v.<br><br>CLINTON TWP. BD. OF EDUCATION, HUNTERDON CO., NEW JERSEY<br><br>Defendant/Counterclaimant. | Hon. Stanley R. Chesler, U.S.D.J.<br><br>Civ. No. 05-3709 (SRC)<br><br>**OPINION** |

**CHESLER, District Judge**

     **THIS MATTER** comes before the Court on the Plaintiffs' Motion for Reconsideration (docket #12), seeking reconsideration of this Court's Opinion and Order issued (docket # 9 & 10) on April 26, 2006 denying the Plaintiffs summary judgment and granting summary judgment in favor of the Defendant. The Court having considered the papers submitted by the parties, and for good cause shown, **DENIES** the Plaintiffs' Motion (docket item #12) for the reasons set forth below.

### I. BACKGROUND

     On April 26, 2006, this Court issued an Opinion holding that the Plaintiffs were

1

procedurally barred from seeking reimbursement from the Clinton Township School District ("CTSD") under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1412, for the unilateral placement of A.H., by her parents, at the Craig School - a private educational facility.  The basis of this Court's decision was that A.H. had not complied with the jurisdictional prerequisites, as contained in N.J.A.C. 6A:14-2 , which require a student to have previously received special education and related services from his or her district of residence before reimbursement for a unilateral placement by the child's parents can be granted.  On May 24, 2006, the Plaintiffs filed the current motion claiming that this Court's interpretation and application of the relevant law was "erroneous and contrary to the purpose of the Individuals with Disabilities Education Act and Public Policy" (Pl. Br. at 5) and that, even if the Plaintiffs were barred under the statute from seeking reimbursement, a judge or hearing officer could nonetheless "exercis[e] its powers of equity to order reimbursement of private placement costs." (Pl. Br. at 11.)

## II. STANDARD OF REVIEW

Motions for reconsideration are governed by Local Rule 7.1(i).[1]  This Rule provides that "[a] motion for reconsideration shall be served and filed within 10 business days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge."  L. Civ. R. 7.1(i).  The "purpose of a motion for reconsideration is to correct manifest errors of law or fact or

---

[1] The cases cited below refer to Rule 7.1(g).  However, Local Civil Rule 7.1 was amended on February 24, 2005 so that Motions for Reconsideration are now governed by Local Rule 7.1(i) instead.  For purposes of this Opinion, the substantive amendments to the Rule are of no consequence.

to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).

Re-argument is not a means by which to obtain a "proverbial second bite of the apple." Kwasnik v. Leblon, 2005 WL 2901898, *2 (D.N.J. Oct. 31, 2005) (citing Chiniewicz v. Henderson, 202 F. Supp. 2d 332, 334 (D.N.J. 2002)).  Indeed, Rule 7.1(i) permits reconsideration only when "dispositive factual matters or controlling decisions of law" were presented to the Court but were overlooked.  See Resorts Int'l v. Great Bay Hotel and Casino, 830 F. Supp. 826, 831 (D.N.J. 1992); Khair v. Campbell Soup Co., 893 F. Supp. 316, 337 (D.N.J. 1995).  Accordingly, a court will reconsider its previous rulings only where convinced that germane information was initially overlooked.

Relief pursuant to Rule 7.1(i) is "an extraordinary remedy" that is to be granted "very sparingly."  NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996); Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986).  Indeed, "mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for reargument." Yurecko v. Port Auth. Trans. Hudson Corp., 279 F. Supp. 2d 606, 609 (D.N.J. 2003) (quotation and citation omitted).  Accordingly, a motion under Rule 7.1(i) may be granted only if:  (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice.  North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir 1995).

3

### III. DISCUSSION

Procedurally, Local Rule 7.1(i) requires that the Motion for Reconsideration be "served and filed within 10 business days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge." L. Civ. R. 7.1(i). The Court entered judgment in this matter on April 26, 2006 and the Plaintiffs did not file the present motion until May 16, 2006 - 14 business days later. The Plaintiffs also failed to offer an explanation regarding why they failed to file their motion in a timely fashion, or make any request for an extension of time to file such a motion beyond the ten day window prescribed by the Local Rules. This alone is sufficient grounds to deny the Plaintiffs' motion. Morris v. Siemens Components, Inc., 938 F.Supp. 277, 278 (D.N.J. 1996). Moreover, the Plaintiffs have also failed to sustain the burden imposed upon them by the standard governing motions for reconsideration. Plaintiffs do not allege any change in controlling legal authority, nor do they argue that any previously unavailable evidence has come to light. Instead, Plaintiffs' arguments rely on what they perceive as errors in this Court's legal analysis.

The Plaintiffs argue that the Court's decision in this case is contrary to the intent of the federal IDEA regulations codified in 20 U.S.C. § 1412(a)(10)(C)(ii) which includes the limitations on reimbursement for private placement if the school district at issue fails to offer a child a proper Free and Appropriate Public Education ("FAPE"). (Pl. Br. at 6.) This argument, however, was expressly addressed in the Court's opinion when the Court noted:

> The statutory provisions of 20 U.S.C. § 1412(a)(10)(C)(ii) require a student to have received special education and related services [from a public agency] as a

> prerequisite to parents being permitted to seek reimbursement for a unilateral placement of their child. This provision "clearly envision[s] Congressional intent to require prior notice to a school district by a child's parents that their child is in need of special education before allowing the child to be unilaterally placed at a private school at that school district's expense." J.B. v. Watchung Hills Regional School Dist. Bd. of Educ., 2006 WL 38936, (D.N.J. January 5, 2006) (citing Greenland School District v. Amy N., 358 F.3d 150, 160 (1st Cir. 2004)). This notice requirement is designed to give the school district an opportunity, "*before* the child is removed, to assemble a team, evaluate the child, devise an appropriate IEP, and demonstrate whether or not a FAPE can be provided in the public schools." Id. at *8 (emphasis added). This provision "ensures that a parent's rejection of a public school placement is not based on mere speculation as to whether the recommended public school placement would have been inappropriate." Board of Educ. of City School Dist. of the City of New York v. Tom F. o/b/o Gilbert F., 2005 WL 22866, *3 (S.D.N.Y. January 4, 2005).

T.H. ex rel. A.H. v. Clinton Twp. Bd. of Educ., 2006 WL 1128713, *6 (D.N.J. Apr. 25, 2006).

The Plaintiffs also contend that the Court's ruling conflicts with this Court's earlier decision in J.B. v. Watchung Hills Regional School District Board of Education in that it requires "a parent to accept an initial placement offered by a school district in order to preserve their rights to reimbursement [which] is contrary to the purposes of the IDEA." (Pl. Br. at 6 (citing J.B. v. Watchung Hills Reg'l Sch. Dist. Bd. of Educ., 2006 WL 38936 (D.N.J. Jan. 5, 2006).) This Court, however, fully considered and cited to its prior decision in Watchung Hills in rendering its Opinion in the current matter. See, e.g., T.H. ex rel. A.H., 2006 WL 1128713 at *6.

Furthermore, the Watchung Hills decision is easily distinguished from the case at hand. The student at issue in Watchung Hills had fully complied with the statutory prerequisites by receiving special education services from a public agency in her district of residence before seeking reimbursement for a unilateral private placement under IDEA. Watchung Hills, 2006 WL 38936 at * 6. The student had received special education services from her district of

5

residence during elementary school.  Id. at *3.  In Watchung Hills, the child's local school district was organized into distinct districts - one covering the elementary school, the other covering the high school, but both serving the same geographic area.  The crux of the dispute in Watchung Hills was whether the students were automatically considered to be in a new "district of residence," under the terms of the governing state statute, upon moving from elementary to high school.  This would require a child who received special education services from their local elementary school, in compliance with the statutory requirements, to re-enroll at the local high school and obtain special education services from them as a prerequisite to pursuing continued reimbursement for a unilateral private placement under IDEA.  Id. at *8.  The Watchung decision was based on the notion that simply because the state organized the elementary school and the high school, which served the same pool of children, into separate districts, such an organizational structure should have no impact on the rights created for those children under federal statute.  Id.

Unlike the case in Watchung Hills, A.H.'s parents moved their child into the CTSD.  It is never claimed that A.H. ever received special services from the CTSD.  A.H.'s parents removed A.H. from the CTSD after the third grade, moving to their summer house in Point Pleasant Beach and enrolling their daughter in school there.  While A.H. had received special education services from Point Pleasant Beach School District ("PPBSD"), this was a geographically separate and distinct school district from the CTSD.  While still enrolled at PPBSD, A.H.'s parents placed her into a private placement at the Craig School.  A.H. remained at the Craig school when her parents moved back to their primary residence in Clinton Township and re-enrolled her at CTSD.

At that time, A.H.'s parents sought reimbursement from CTSD for their daughter's continued placement at the Craig School.  As the Court noted in its earlier Opinion, "A.H.'s parents 'presented the [D]istrict with a *fait accompli*,' that A.H. would be educated at the Craig School." T.H. ex rel. A.H., 2006 WL 1128713 at *6 (quoting from ALJ opinion).

The Plaintiffs' final argument is that, even if they are barred by statute from receiving reimbursement, a judge or hearing officer has the equitable power to order reimbursement of their private placement costs regardless of the statute.  This argument, however, was not raised before the Court prior to the entry of judgment, and it is inappropriate for the Court to consider it now on a Motion for Reconsideration.  Chiniewicz v. Henderson, 202 F. Supp. 2d 332, 334 (D.N.J. 2002) (noting that a motion for reconsideration "is not an opportunity . . . to introduce legal theories that a party failed to include in its initial motion");  P. Schoenfeld Asset Mgt. LLC v. Cendant Corp., 161 F.Supp.2d 349, 352 (D.N.J. 2001) ("Reconsideration motions . . . may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment.") (citing Charles A. Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure: Civil 2d* § 2810.1).

While it is clear that Plaintiffs disagree with this Court's April 26th decision, they have failed to present either material evidence that was unavailable to them before now or law that the Court may have overlooked in reaching that decision.  For these reasons, the Plaintiffs' Motion for Reconsideration is properly **DENIED**.

## IV. CONCLUSION

This Court has reviewed the record as well as the papers of the moving parties, and nonetheless finds that the Plaintiffs have failed to point out errors or omissions that might warrant reconsideration. Accordingly, the Plaintiffs' Motion for Reconsideration (docket #12) is **DENIED**. An appropriate form of order will be filed herewith.


Dated: June 16, 2006


    /s Stanley R. Chesler
Stanley R. Chesler, U.S.D.J.